David NUEHRING *v.* STATE of Arkansas

01–1341                                                    64 S.W.3d 718

Supreme Court of Arkansas
Opinion delivered January 17, 2002

*Deborah R. Sallings*, Deputy Public Defender, for appellant.

No response.

PER CURIAM. On January 28, 1999, appellant, David Nuehring, pleaded guilty to one count of domestic battery in the third degree, two counts of criminal mischief in the first degree, one count of terroristic threatening in the first degree, and

one count of resisting arrest. He was sentenced to five years probation and fined $100.00. Ed Webb represented appellant in this matter.

On August 4, 2000, the State filed a petition seeking to revoke appellant's probation. On the same day, the State filed a criminal information charging appellant with one count of domestic battery in the first degree, one count of domestic battery in the third degree — second offense, and one count of endangering the welfare of a minor.

On March 20, 2001, a hearing was held to consider the State's petition for revocation and to address the newly filed criminal information. At that hearing, appellant was represented by Michael Sherwood. On May 9, 2001, a judgment and commitment order was filed, sentencing appellant to 120 months imprisonment. On May 10, 2001, a second judgment and commitment order was filed revoking appellant's probation and sentencing him to seventy-two months imprisonment. Appellant's sentences were to run consecutively.

On June 5, 2001, appellant filed a *pro se* notice of appeal. He also requested that the record be prepared for appeal and that an appeal bond be issued. The record does not reflect that Michael Sherwood was served with copies of these motions. Additionally, the record does not reflect that Mr. Sherwood filed a notice of appeal on appellant's behalf or that he requested to be relieved as appellant's attorney.

On July 30, 2001, a hearing was held to consider appellant's motions. Mr. Sherwood did not appear at this hearing. Appellant informed the trial court that he had contacted Mr. Sherwood about proceeding with an appeal, but that Mr. Sherwood "never got back" to him. Following this information, the trial court appointed the public defender's office to represent appellant.

On July 31, 2001, the public defender's office filed a notice of appeal on appellant's behalf. Because this notice of appeal was untimely, the public defender's office now requests permission to file a belated appeal. In criminal cases, we have constantly held that a belated appeal may be filed when an attorney admits that an error has been made and accepts responsibility for that error. *See In Re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).

■ In this case, appellant claims that he informed Mr. Sherwood that he wished to proceed with an appeal but that Mr. Sherwood took no further action. As a result of Mr. Sherwood's inaction, the trial court appointed new counsel. This appointment came more than thirty days from the date the judgment and commitment orders were filed. Therefore, the newly appointed counsel was unable to perfect a timely appeal on appellant's behalf. Because the record does not establish Mr. Sherwood's involvement in appellant's case after March 20, 2001, we are remanding this case to the trial court to settle the record. Specifically, we are remanding this matter to the trial court for a hearing to determine whether Mr. Sherwood was relieved of his responsibility to represent appellant in this matter, and whether appellant requested that Mr. Sherwood file a notice of appeal on appellant's behalf. The parties have thirty days from the date of this *per curiam* to settle these issues.

Appellant's motion also requests that we determine who is to represent him during his appeal. We decline to rule on this issue until the record is settled.

Remanded.

IMBER, J., not participating.